J. S30027/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MELVIN McILWAINE, | : | No. 983 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, March 13, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0009171-2013

BEFORE:  GANTMAN, P.J., FORD ELLIOTT, P.J.E., AND JENKINS, J.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED MAY 05, 2016**

Melvin McIlwaine appeals the judgment of sentence in which the Court of Common Pleas of Philadelphia County sentenced him to serve an aggregate term of seven years three months to fourteen years six months of imprisonment followed by five years of reporting probation for dealing in proceeds of unlawful activities, three counts of theft by unlawful taking, and three counts of theft by deception.[1]

The charges against appellant stemmed from his defrauding an elderly gentleman out of his home, money, personal property, and two vintage automobiles.  On December 16, 2014, appellant pled guilty in a non-negotiated plea.  The trial court ordered a pre-sentence investigation at

---

[1] 18 Pa.C.S.A. § 5111(a)(1), 18 Pa.C.S.A. § 3921(a), and 18 Pa.C.S.A. § 3922(a)(1), respectively.

that time. The trial court scheduled a sentencing hearing for February 6, 2015. After four witnesses testified for the Commonwealth and five for appellant, appellant announced that he was innocent of all charges. The trial court permitted appellant to withdraw his plea. The trial court set a trial date of March 2, 2015. Following a trial, the jury found appellant guilty of the charges described above. The trial court sentenced appellant on March 13, 2015.

On April 6, 2015, appellant appealed to this court. Appellant's attorney, Michael Huff, Esq., moved to withdraw as counsel, which the trial court granted on May 29, 2015. Appellant wished to continue his appeal *pro se*. This court ordered that the trial court conduct a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), to determine whether appellant's waiver of counsel was knowing, intelligent, and voluntary. Following a hearing on July 31, 2015, the trial court issued an order on August 6, 2015, which permitted appellant to continue his appeal *pro se* because the trial court determined that appellant's waiver of the right to counsel was knowing, intelligent, and voluntary. In the order, the trial court also decreed:

> (3) Pursuant to Pa.R.A.P. 1925(b)(3), the [appellant] shall file of record with the Clerk of Court a Statement of Matters Complained of on Appeal within twenty (21) [sic] days from the date of this Order;
>
> (4) A copy of the Statement of Matters Complained of on Appeal shall be served by the [appellant]

> upon the Clerk of Court, the trial judge and counsel for the Commonwealth and in accordance with the applicable Rules of Court;
>
> (5) Any issue not properly raised in a timely filed and properly served Statement of Matters Complained of on Appeal shall be deemed waived.

Trial court order, 8/6/15 at 1-2, ¶¶3-5.

In an opinion filed with this court on November 15, 2015, the trial court stated that appellant failed to comply with its order and did not file a statement of matters complained of on appeal. As a result, the trial court stated that appellant had waived any claims of error and his appeal should be dismissed. (Trial court opinion, 11/15/15 at 3.)

Before we can address the merits of appellant's appeal, we must first determine whether appellant's issues have been waived.

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to **ad hoc** exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court **sua sponte**, and the Rule applies notwithstanding an appellee's request not to enforce it; and, if Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the appellant aimed at compliance may satisfy the Rule. We yet again repeat the principle first stated in [**Commonwealth v.**] **Lord** that must be applied

here: "[I]n order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925. Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." [719 A.2d 306, 309 (Pa. 1998).]

*Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011).

Here, appellant failed to submit a concise statement of errors complained of on appeal as ordered by the trial court. We, therefore, are constrained to find his issues waived for the purposes of appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/5/2016

- 4 -